UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In the matter of:

**Steven Edward Roberts,**

Debtor

Chapter 13
Case No. 17-20543

### TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

NOW COMES the Standing Chapter 13 Trustee, Andrew M. Dudley, by and through his undersigned staff attorney, and objects to confirmation of the plan (docket # 2), as follows:

1. The plan provides for the Debtor to start paying the Trustee $185 per month starting on or before November 4, 2017. The Debtor is current. His next payment of $185 is due on or before January 4, 2018.

2. To assist his investigation of the Debtor's financial affairs, the Trustee requests the following from the Debtor within the next 16 days (on or before December 27, 2017):

    a. Copies of the September, October & November 2017 statements for all of the Debtor's bank and other financial accounts;

    b. Documentation of how the values of the Debtor's motor vehicles were determined;

    c. An independent valuation of the Thermo King refrigeration unit listed on Schedule B with an "unknown" value;

    d. An independent valuation (CMA) of the Debtor's real estate;

    e. An explanation of how $3,470 for gross wages on line 2 of Schedule I was determined, as it appears to be pure speculation;

    f. Documentation of the Debtor's unemployment compensation referred to on line 13 of Schedule I;

    g. That the Debtor amend his Statement of Financial Affairs to disclose this past disability income and that he amend Form 122C-1 to disclose any unemployment compensation; and

      h. That the Debtor's answer to question 10 of the Statement of Financial Affairs be amended. It currently has a row of question marks.

The Trustee's requests are relevant to whether the plan has been proposed in good faith, satisfies the liquidation test, is feasible, and provides for the Debtor to contribute his projected disposable income as required by 11 U.S.C. §§ 1325(a)(3), 1325(a)(4), 1325(a)(6) and 1325(b). Therefore, the Trustee objects to confirmation on the basis of those Code sections.

3. The plan provides for the Debtor to partially fund the plan with a $11,231.67 lump sum payment from the sale of the Debtor's residence or the subdivision of his land by month 50 (December 2021). To avoid unnecessary delay to creditors, the lump sum payment should be due by month 24 (October 2019).

4. Paragraph 1(B) of the plan asserts a $27,206.67 total, but the plan payments add up to $25,456.67.

5. The plan provides for the Trustee to pay a secured claim to the Town of Gray as follows: $91.50 per month in months 1 – 20; $125 per month in months 21 – 36; and $120 in month 37. The payment schedule is unnecessarily complex, especially given that the mortgage arrears are paid pro rata.

6. Before the plan is confirmed, the Debtor should certify that he has filed all applicable Federal, State, and local tax returns as required by 11 U.S.C. § 1308. The filing of the returns is a prerequisite for confirmation under 11 U.S.C. § 1325(a)(9).

7. It is the Trustee's understanding that the Debtor had not yet filed his income tax returns for 2014 and 2015 by the time of the meeting of creditors. The Debtor listed possible 2014 and 2015 income tax refunds on line 28 of Schedule B. The actual amounts of any refunds due to the Debtor should be contributed to the plan and accounted for in the liquidation analysis for the case for purposes of 11 U.S.C. § 1325(a)(4).

8. The State of Maine has filed a $3,895.50 priority claim that is not addressed by the plan.

9. Androscoggin Savings Bank has objected to confirmation. The Trustee reserves the right to review and object to any plan amendments or other arrangements proposed to resolve the objection.

10. Androscoggin Savings Bank asserts in its proof of claim that it is owed $22,695.74 in prepetition arrears on one mortgage and $1,879.48 on the other. The plan provides for the Trustee to pay

$13,822 on one and $1,714 on the other. If the Bank's figures are accurate, the Debtor might not be able to propose an otherwise confirmable plan that he can afford as required by 11 U.S.C. § 1325(a)(6). (The plan should also specify how much arrears to be paid on each of the two claims. While the Trustee can guess what it is intended, the plan should be explicit.)

WHEREFORE, the Trustee respectfully requests that this Court deny confirmation of the plan, together with such other relief as this Court finds just and reasonable.

Respectfully Submitted:

Date:   December 12, 2017              */s/ William H. Sandstead*
                                       _____
                                       WILLIAM H. SANDSTEAD
                                       ANDREW M. DUDLEY, Trustee
                                       Standing Chapter 13 Trustee
                                       Post Office Box 429
                                       Brunswick, Maine  04011-0429
                                       (207) 725-1300


CERTIFICATE OF SERVICE
FOR ELECTRONIC CASE FILING

I, **William Sandstead**, hereby certify that I caused a true and correct copy of the following document(s) to be served today on the parties listed below as follows:

**Document(s) Served:** Trustee's objection, filed herewith

**Service electronically via the Court's ECF system to**:

J. Scott Logan, Esq., Debtor's Counsel
Stephen Morrell, Esq., Assistant U.S. Trustee
*All other parties listed on N.E.F. as being served electronically.*

**Service by U.S. first class mail, postage prepaid, to:**

Steven Edward Roberts
35 Johnson Road
Gray, ME 04039

Signed:

Date:   December 12, 2017              */s/ William H. Sandstead*
                                       _____
                                       WILLIAM H. SANDSTEAD